Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
90 S. Kyrene Rd., Suite #5
Chandler, Arizona  85226
tel:  (480) 517-1400
fax: (480) 517-6955
Flagstaff: (928) 779-2226
veronika@choiandfabian.com
 *Attorneys for the Burdicks*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Daniel Burdick and Deborah Ann Burdick,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>JPMorgan Chase Bank, National Association,<br><br>　　　　　Defendant. | NO. _____<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1. Defendant JP Morgan Chase Bank, National Association ("Chase") reported a balance of $161,787 for a purchase money mortgage on Plaintiffs' Equifax credit report.  Under Arizona law, Plaintiffs had no personal liability for that balance.  Chase's reporting was and is inaccurate and incomplete as it is materially misleading to a potential creditor.  After Plaintiffs disputed the account through Equifax, Chase failed to conduct a reasonable investigation as required by the

FCRA.  Chase continued to report a balance for the purchase money mortgage on the second mortgage without even noting that the account was in dispute. Plaintiffs bring this case to remedy Chase's violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1681p.

## PARTIES

3. Plaintiff Mark Daniel Burdick ("Mark") is a natural person and a resident of Scottsdale, Arizona.

4. Plaintiff Deborah Ann Burdick ("Deborah") is a natural person and a resident of Scottsdale, Arizona.

5. Mark and Deborah are both "consumer[s] as defined under 15 U.S.C. § 1681a(c).

6. Defendant JPMorgan Chase Bank, National Association ("Chase") is a Delaware corporation licensed to do business in the state of Arizona.

7. Chase is a furnisher of information to credit bureaus contemplated by 15 U.S.C. § 1681s-2 that regularly and in the ordinary course of business furnishes information to one or more credit bureaus about consumer transactions or experiences with any consumer.

## FACTS

### The Underlying Account

8. On January 1, 2006, Mark and Deborah purchased a home located at 211220 N. 74th Place, Scottsdale, AZ 85255 ("the Home").

9. In order to do so, they obtained both a first and second mortgage from Chase.

10. The proceeds from both their first and second mortgage were used to purchase the Home.

11. Mark and Deborah lived at the Home as their primary residence with only their immediate family.

12. In 2008, Chase foreclosed on the home and conducted a trustee's deed of sale.

13. Arizona law precludes collection of deficiency balances after foreclosure "if a mortgage is given to secure the payment of the balance of the purchase price, or to secure a loan to pay all or part of the purchase price, of a parcel of real property of two and one-half acres or less which is limited to and utilized for either a single one-family or single two-family dwelling."  A.R.S. § 33-729(a) ("the Anti-Deficiency Statute").

14. Thus, although they were forced to move out of the Home, Mark and Deborah had no further personal liability for any deficiency to Chase for either the first or second mortgage.

### Chase Reports a Balance on the Burdicks' Second Mortgage

15. Since the foreclosure on their home, the Burdicks have worked hard to rehabilitate their credit.

3

16. The Burdicks' Equifax, TransUnion, and Experian credit reports reflected a $0.00 for the Chase first mortgage.

17. With respect to the second mortgage, Chase reported a $0.00 balance on the Burdicks' Trans Union and Experian credit reports.

18. However, on their Equifax credit reports, Chase sometimes reported a balance of $0.00 and sometimes reported a balance of $161,787.00.

19. When Chase reported a balance, Chase did not also report that the Burdicks had no personal liability for the reflected balance of $161,787.00.

20. Chase's reporting of the second mortgage with a balance and no indication that there is no personal liability is materially misleading because it can be expected to adversely affect credit decisions.

21. Thus, Chase's reporting of the second mortgage is inaccurate and incomplete under the FCRA.

**The Burdicks Notified Chase Directly That They Were Disputing the Reporting**

22. Mark contacted Chase directly in an attempt to get Chase to properly report the balance on the second mortgage.

23. Mark explained to Chase about the anti-deficiency statute.

24. On several occasions, a Chase employee agreed with him and promised to change the balance listed on Burdicks' Equifax credit reports for the second mortgage to $0.00.

25. However, Chase repeatedly failed to update the Burdicks' Equifax credit reports to reflect a $0.00 balance on their second mortgage.

### Chase Does Not Conduct a Reasonable Investigation

26. On November 14, 2014, Mark and Deborah sent a dispute to Equifax regarding the second mortgage, stating that they had no personal liability under the Anti-Deficiency Statute and asking that the account be changed to reflect a zero balance. (Dispute attached as Exh. A).

27. In that dispute letter, Mark and Deborah referred Equifax to the Maricopa County Recorder Office's website and gave them the account numbers for the warranty deed (20060088689), the 1st mortgage (20060088690) and 2nd mortgage (20081009711), which is the account that was the subject of their dispute.

28. Upon information and belief, Equifax forwarded some form of Mark and Deborah's dispute to Chase and requested that Chase verify its accuracy.

29. In addition, Chase had independent knowledge of the Burdicks' dispute because of Mark's telephone calls to them.

30. Nevertheless, Chase did not conduct a reasonable investigation of the Burdicks' dispute.

31. Chase verified that the account was accurate.

32. Chase did not tell Equifax to indicate that the Burdicks had no personal liability for the balance of the second mortgage.

33. Chase did not tell Equifax to mark the account as disputed on either Mark or Deborah's credit report.

34. On November 28, 2014, Equifax sent Mark and Deborah the results of its investigation. (Excerpt from response to Mark attached as Exh. B).

35. The results of Equifax's investigation were based entirely on Chase's verification that the account was being reported accurately.

36. Equifax's results were as follows:

> This creditor has verified to OUR company that the balance is being reported correctly. The date of last activity is reporting correctly. The last payment date and date closed have been updated. Additional information has been provided from the original source regarding this item. If you have additional questions about this item please contact: Chase, PO Box 24696, Columbus OH 43224-0696.

37. In addition, Equifax's letter stated:

> We have reviewed your concerns and our conclusions are: This disputed accounts /20060088689, /20060088690, /20060088691, and /20081009711 are currently not reporting On the Equifax credit file.

38. With the exception of the final number, the cited numbers correlate to the account numbers which the Burdicks provided in their dispute to evidence that their mortgage with Chase was used to pay for their home.

### **Mark is Denied Credit**

39. In February of 2015, Mark applied for credit with Wells Fargo Bank, N.A. ("Wells Fargo").

40. Wells Fargo pulled Mark's Equifax credit report.

41. Wells Fargo denied his application for credit. (Wells Fargo's adverse action letter attached as Exh. C).

42. Upon information and belief, Wells Fargo denied Mark's application for credit because of the $161,787 balance on his second mortgage appearing on his Equifax credit report.

## CAUSES OF ACTION

## CAUSE OF ACTION NO. 1: VIOLATION OF THE FCRA

43. Chase violated the FCRA by willfully and/or negligently failing to conduct a reasonable investigation of the Burdicks' dispute in accordance with 15 U.S.C. § 1691s-2(b).

44. As a result of Chase's violation of the FCRA, the Burdicks were damaged in an amount to be determined by this Court.

45. Chase's conduct, action and inaction was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 6181n.

46. In the alternative, it was negligent, entitling the Burdicks to recover their actual damages under 15 U.S.C. § 1681o.

47. The Burdicks are entitled to recover actual and/or statutory damages, costs and attorney's fees from Chase pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## JURY TRIAL REQUESTED

48. The Burdicks request a jury on all issues so triable.

7

**PRAYER FOR RELIEF**

WHEREFORE, the Burdicks pray that this Court enter Judgment against Chase for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. attorney's fees and costs;

e. Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and,

f. Such other and further relief as this Court deems just and proper.

DATED this 5th day of March, 2015.

                        CHOI & FABIAN, PLC

                        By: */s/ Veronika Fabian*
                            Veronika Fabian
                            Hyung S. Choi
                            Attorneys for the Burdicks